HOLLY STORES OF CAMDEN, INC., PLAINTIFF, v. DISTRICT 76, DISTRIBUTIVE PROCESSING & OFFICE WORKERS OF AMERICA, A VOLUNTARY LABOR ORGANIZATION, AND DAVID NEIFELD, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 29, 1951.

*Mr. Carl Kisselman,* attorney for plaintiff.

*Mr. Saul C. Waldbaum,* attorney for defendants (*Mr. Saul C. Waldbaum* and *Mr. Alvin Schomer,* attorneys).

HANEMAN, J. S. C.   Plaintiff seeks herein to obtain a temporary restraint against various acts of defendants, which might be concisely paraphrased by the word "picketing."

The plaintiff allegedly has a contract with Retail Clerks International Association, Local 1360 (hereafter referred to as Local 1360), which allegedly represents plaintiff's employees.   The individual defendants who are employees of plaintiff and who at some time were members of said Local 1360, are on strike in an attempt to force plaintiff to enter into a contract with defendant District 76, Distributive Processing and Office Workers of America (hereafter referred to as District 76).   Upon the return day of the order to show cause it was admitted, for the purpose of this consideration, that the picketing was peaceful.

Plaintiff contends, *inter alia,* that this is not a "labor dispute" within the contemplation of *R. S.* 2:29–77.1 *et seq.,* and hence, said statute is not applicable.

*R. S.* 2:29–77.8 reads as follows:

"(a) A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in industry, trade, craft, employment, or occupation; or who are members of an affiliated organization of employers or employees; whether such dispute is * * * (2) between one or more employees and *an asssociation* or associations of *employees* or employers; * * *."
(Italics supplied.)

It is here held that the facts do disclose a "labor dispute" as defined by *R. S.* 2:29–77.1 *et seq.*

In *Newark Milk & C. Co. v. Milk Drivers Local No.* 680, 19 *N. J. Misc.* 468, 19 *A.* 2*d* 232 (*Ch.* 1941) the court said:

"*R. S.* 2:29–77.1, section (k) declares as a matter of public policy of the State of New Jersey that certain acts are lawful and are 'in no wise to constitute a tort or a nuisance,' namely (e) giving publicity to the existence of any labor dispute by 'patrolling, picketing, without fraud or violence;' (j) 'requiring as a condition of employment that all employees of a particular employer or group of employers shall be members of a particular labor organization.'

(2, 3) In the consideration of this case there is, therefore, involved the scope and application of a legislative enactment whose wisdom or lack of wisdom is not a consideration open to judicial inquiry. Clearly the effect of the statute is to regulate the procedure by which an injunction may be obtained and to limit the scope of the relief which may be granted."

See also *Isolantite, Inc., v. United Electrical, &c., of America,* 130 *N. J. Eq.* 506 (*Ch.* 1941), and *Kohn v. Local No.* 195, *Amalgamated Clothing, &c.,* 132 *N. J. Eq.* 512 (*Ch.* 1942).

For the foregoing reasons, the application for a restraint is denied.

In view of the allegations of the bill, which, if substantiated by proof, might lead to the conclusion that the actions of defendants were other than "peaceful," the motion of defendants to dismiss is as well denied.

Judgment will be entered accordingly.